### A. C. Brown et al. *v.* J. H. Wilson, Adm'r.

**Trusts—Trustee—Authority to Sell.**

Although a trustee has the authority to sell at all hazards, yet It is not a violation of his duty as trustee in failing to sell at a sacrifice property which he had a reasonable right to believe need not be sold at all.

**Trusts—Liability of Trustee.**

A trustee was held liable only for the amount received by him on the sale of slaves, where negligence on his part is not shown.

APPEAL FROM SHELBY CIRCUIT COURT.

November 5, 1873.

Opinion by Judge Lindsay:

Although the deed from Ingles to Wilson provided that the property conveyed was to be sold "without any delay," yet this apparently imperative direction is so far modified by the words "and with due diligence" as to show that the assignee was not deprived of all discretion in the matter.

That he acted in the utmost good faith is evidenced by the fact that all the property conveyed, except the slaves, was sold at the earliest possible moment. It also satisfactorily appears that the assignee sold property sufficient to pay all the debts then

known to him, notwithstanding the denials of appellants that the creditors, or a majority of them concurred in this conclusion, and acquiesced in the assignee's failure then to sell the slaves. The evidence preponderates in favor of the conclusion that they did.

Wilson had no notice, so far as appears from the record, to delay making the sale. Slave property in the early part of the year 1862 was much depreciated in price. It was not certain, and in fact it appeared probable, that there would be no necessity to sell the slaves at all. No creditor pretends to say that he intimated to the assignee that he disapproved of delay in the sale, nor that the delay of itself indicated a want of proper discretion or prudence, nor that a man of business capacity and reasonable forethought would not have acted with his own property just as Wilson acted with this. Wilson did not hold the property alone for the creditors. Myles had rights which he could not disregard, and whilst technically he had authority to sell at all hazards and under any state of case, yet it can not be said that he violated his duty as trustee in failing to sell, at a certain sacrifice, property, that he then had the reasonable right to believe need not be sold at all. It follows, as he did not act in bad faith, that he can not be charged with the highest amount for which the slaves would have sold at any time subsequent to March, 1862, and prior to the time of the sale in 1864.

Conceding that he ought to have sold in March, 1862, there is no evidence before us conducing to show that the slaves would have then realized more money than they were sold for in 1864. Besides all this, the record shows that the children of Myles claimed some interest in the slaves, and enjoined the sale of a portion of them, when about to be sold in 1864. The loss resulting from this injunction suit is charged up to the assignee upon the principle, we suppose, that from March, 1862, he held the slaves in his own wrong.

As before shown, this principle does not apply in this case because of the want of bad faith or negligence upon the part of the assignee. We are of opinion that the court below erred in holding Wilson's estate liable for any greater amount than he realized from the sale made in 1864.

Wherefore, for the correction of this error the judgment is reversed on appellee's cross-appeal. Upon the original appeal

the judgment is affirmed. The cause is remanded for a judgment conformable to the opinion.

*Bullock, for appellants.*

*Harwood, for appellee.*